FILED
United States Court of Appeals
Tenth Circuit

**July 28, 2010**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RUBEN PEDRAZA-BUCIO,

Defendant - Appellant.

No. 09-4191
(D. Ct. No. 2:08-CR-00698-TC-1)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, Chief Circuit Judge, **TACHA**, and **O'BRIEN**, Circuit Judges.

---

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

On October 2, 2008, defendant-appellant Ruben Pedraza-Bucio paid a short visit to a friend's apartment that was being watched by a Salt Lake City, Utah narcotics unit. When Mr. Pedraza-Bucio left the apartment, the narcotics unit requested that a patrol

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

officer follow his vehicle and conduct a traffic stop if he committed a traffic violation. Deputy Michael Mays followed Mr. Pedraza-Bucio and pulled him over when he observed him cross the fog line and nearly hit a curb.

While Deputy Mays attempted to confirm Mr. Pedraza-Bucio's identity, Officer Richelle Brown arrived at the scene with her narcotics-sniffing dog. Once the officers confirmed Mr. Pedraza-Bucio's identity, they returned his documents, issued him a traffic citation, and told him that he was free to leave. Before he drove away, however, Officer Brown approached Mr. Pedraza-Bucio's vehicle and asked for consent to search it. Mr. Pedraza-Bucio, whose primary language is Spanish, gave written consent to search his vehicle on a form that was written in both Spanish and English. The search revealed over 50 grams of methamphetamine and the officers arrested him.

Following the district court's denial of his motion to suppress the drugs found in his vehicle, Mr. Pedraza-Bucio pleaded guilty to one count of possession of 50 grams or more of methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a). He was sentenced to 87 months' imprisonment. Mr. Pedraza- Bucio now appeals the denial of his motion to suppress.

Mr. Pedraza-Bucio's counsel has filed a brief and a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967). *Anders* authorizes counsel to request permission to withdraw where he has thoroughly examined the case and has determined that any appeal would be wholly frivolous. *Anders*, 386 U.S. at 744. A request to withdraw must be accompanied by a brief indicating any potential appealable issues. *Id.*

The defendant must then have the opportunity to raise any points he chooses. *Id.* "[T]he court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal. . . ." *Id.*

Having reviewed the record, the district court's order, and Mr. Pedraza-Bucio's counsel's *Anders* brief,[1] we agree that this appeal is wholly frivolous. The initial traffic stop, the length of the stop, and the subsequent consensual search were all constitutionally permissible. Accordingly, the district court correctly denied Mr. Pedraza-Bucio's motion to suppress and there are no non-frivolous issues for appeal. For these reasons, we DISMISS Mr. Pedraza-Bucio's appeal and GRANT his counsel's motion to withdraw.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge

---

[1]Mr. Pedraza-Bucio did not file a response to his counsel's *Anders* brief.